UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                Case No. 12-C-1312

STEVEN J. NIGG,

        Defendant.

## SCREENING ORDER

On December 27, 2012, Steven Nigg filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction was unconstitutional because it was in violation of the Equal Protection Clause and he received ineffective assistance of counsel. The motion seeks relief from Nigg's 2011 conviction on his plea of guilty to possession of a firearm as a armed career criminal, for which he was given the mandatory minimum sentence of fifteen (15) years. Nigg requests that the court vacate and set aside his conviction and sentence so that he may receive a trial by jury.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, which states:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of a motion for habeas relief, I look to see whether the movant has set forth cognizable constitutional or federal law claims.

Nigg was charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Due to his previous convictions more than 30 years prior to his firearm possession charge, Niggs was subject to classification as an Armed Career Criminal (ACC) under 18 U.S.C. § 924(e)(1). Nigg pled guilty to the firearm possession charge, reserving the right to challenge his status as an ACC. After briefing, I concluded that Nigg was subject to the ACC provisions of § 924(e) and thus he faced a statutory mandatory minimum of 15 years imprisonment. On June 6, 2011, I sentenced Nigg to the mandatory minimum. Nigg appealed and the Seventh Circuit affirmed his sentence. *U.S. v. Nigg*, 677 F.3d 929 (7th Cir. 2012), *cert. denied*, 132 S.Ct. 2704 (2012).

In his motion, Nigg maintains that his conviction was an unconstitutional violation of equal protection. Based on his counsel's brief, it is exceedingly difficult to make out exactly what his equal protection argument is. Insofar as I can divine his argument, Nigg contends that there is a disparity between those sentenced under the Sentencing Guidelines and those sentenced pursuant to a statutory mandatory minimum. This is because post-*Booker*, judges have discretion to depart from the minimums outlined by the Sentencing Guidelines whereas if the minimum is mandated under statute, the judge does not have similar discretion. He also argues that he was denied equal protection under 18 U.S.C. § 3553(e). Nigg contends that he could not receive the benefit of a downward departure from the statutory minimum under § 3553(e) because he had nothing to offer the government to warrant such a departure. In effect, his relatively crime free history upon release from prison put him at a disadvantage when compared with another person facing the same charge who has something to offer the government by way of assistance.

2

Nigg's arguments are easily refuted.  First, all defendants facing a statutory minimum are in the same position relative to each other.  The same is true for those facing a sentence subject to the Sentencing Guidelines.  That there is inequality between the two does not amount to a violation of equal protection.  So long as "Congress does not use an invidious or suspect classification, it has broad power under the commerce clause to define a class of criminals to whom the enhancement statute applies."  *U.S. v. Bregnard*, 951 F.2d 457, 461 (1st Cir. 1991).  Congress' decision to impose more severe penalties for those with a history of violent felonies convicted of possession of a firearm cannot be said to be irrational or based on a suspect classification.  As for Nigg's second argument, this is wholly without merit because Congress' decision to allow for a departure from a statutory mandatory minimum under § 3553(e) in limited circumstances is based on a rational policy objective to encourage assistance by criminal defendants to aid in deterring other criminal activity.

Nigg also contends that he received ineffective assistance of counsel because his attorney advised him to plead guilty and challenge his status as an ACC.  He argues that he had an available entrapment by estoppel defense and that his attorney should have advised him to pursue his defense before a jury.  Entrapment by estoppel is predicated on the Due Process Clause of the Fifth Amendment, and is a defense that is "rarely available."  *U.S. v. Howell*, 37 F.3d 1197, 1204 (7th Cir. 1994).  In order to warrant a jury instruction, a defendant must establish that there is evidence to support their entrapment theory that "acting with actual or apparent authority, a government official affirmatively assures the defendant that certain conduct is legal and the defendant reasonably believes that official."  *Id.* at 1203-04 (citing *U.S. v. Austin*, 915 F.2d 363, 366 (8th Cir. 1990)).

3

Nigg offers no evidence, by affidavit or otherwise, that anyone who knew his record told him he could lawfully possess a firearm, nor does he state that he was not himself aware of the prohibition. Instead, Nigg contends that, the "implied conduct" of the presiding judge in the probate case for his father's estate led Nigg to believe that selling firearms, even though he was a felon, was legal. (Osicka Aff. ¶ 12.) Nigg was the trustee of his father's estate and the estate owned over 120 firearms. Under Nigg's logic, the judge's silence on whether his sale of a firearm was legal constituted entrapment. Leaving aside the question of whether the probate judge even knew of Nigg's thirty-year-old convictions, his argument is without merit because the defense of entrapment requires an affirmative assurance by a government official and silence cannot constitute such assurance. *See U.S. v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994) (holding entrapment by estoppel defense inappropriate because no allegation of affirmative representation or "active misleading" by government official that defendant was able to possess a firearm after probation ended).

Nigg argues that on two separate occasions, the conduct by police officers also led him to believe that his possession of firearms was legal. He alleges that officers were at his father's home on two occasions and they said nothing when Nigg handled guns at his father's direction. On another occasion, officers were at Marvin's home to retrieve one of Joyce's guns (Nigg's step-mother) and said nothing when Nigg handled some 20 firearms. Again, Nigg attempts to establish the basis for an entrapment defense on the silence of a government official. Nigg's argument on this point is without merit for the same reason that the judge's silence cannot establish a basis for an entrapment defense. *See Howell*, 37 F.3d at 1203; *see also U.S. v. Corso*, 20 F.3d 521, 528-29

4

(2d Cir. 1994) (refusing to apply defense because there was no communication from an authorized government official to the defendant that his acquisition of illegal receivers was lawful).

Nigg also argues that the advice he was given by the attorneys for his father's estate that he could legally sell the firearms belonging to the estate constituted government action because attorneys are officers of the court. This contention is erroneous because the advice of his attorneys does not amount to representation made by a government official. *See Schoenauer v. U.S.*, 759 F. Supp. 2d 1090, 1097-98 (S.D. Iowa 2010) (holding that defendant's reliance on advice of counsel that he could legally possess firearms did not establish any representation made by a government official). For the same reasons, Nigg's reliance on Joyce's attorney's silence, to the extent that her attorney did not inform Niggs that his activity was illegal, cannot support an entrapment defense. Because Nigg did not have a valid basis to establish a defense for entrapment by estoppel, his argument that he received ineffective assistance of counsel is groundless.

Nigg also makes a veiled argument, relying on *Wade v. U.S.*, 504 U.S. 181, 185-86 (1992), that his counsel was ineffective because he did not seek relief under § 3553(e) by demanding a substantial-assistance motion by the government for a downward departure. However, in his brief, Nigg maintains, in his argument for equal protection, that he was prejudiced because he had no assistance to offer the government. His argument fails because his attorney cannot be faulted for not demanding a remedy that had no basis in law.

Finally, Nigg suggests that his attorney was ineffective for advising him to plead guilty to the offense even if he had no legal or factual defense to the charge because of the possibility of jury nullification: "Because the facts in this case were so egregious .... AND ... lent themselves to the possibility of an acquittal by a sympathetic jury (in light of the facts) any reasonably competent

5

attorney would have tried this matter to a jury." (Br. In Supp. at 4.) But an attorney is not ineffective for advising a client to plead guilty when he has no defense to the offense charged, especially when the only issue is a contested sentencing issue.

In sum, Nigg is not entitled to relief under § 2255. Nigg's motion is denied on the merits because his sentence was not imposed in violation of the Equal Protection Clause and the allegations of ineffectiveness of counsel are insufficient to state a claim. Accordingly, his motion is denied and the action is dismissed. The Clerk is directed to enter judgment as set forth herein. A certificate of appealability shall not issue. 28 U.S.C. § 2255(c)(2).

**SO ORDERED** this  7th  day of January, 2013.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court